United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-20465

UNITY MARINE CORPORATION, INC. as owner of the M/V Carson
for exoneration from or limitation of liability,

Plaintiff-Appellee,

VERSUS

NEW AMITY SHIPPING, INC.; ASSOCIATED MARITIME CO.,
(HONG KONG) LTD.

Claimants-Appellants.

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

After reviewing the record and considering the briefs of the parties and argument of counsel, for the following reasons, we are satisfied that the district court committed no reversible error:

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record fully supports the district court's conclusion that this collision was caused through the sole fault of the NEW AMITY, her pilot and crew in (1) failing to keep out of the way of the CARSON, as required by Rule 13 of the Inland Rules, and (2) by traveling at an excessive rate of speed under the circumstances in violation of Rule 6. See Matter of Complaint of Luhr Bros., Inc., 157 F.3d 333, 338 (5th Cir. 1998) ("The appellate court must accept the district court's account of the evidence if it is plausible when viewed in light of the entire record. Moreover, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citations omitted).

Further, the district court did not err in allowing Unity's expert to testify nor in accepting his testimony over the testimony of New Amity's expert. Captain Scruton held an unlimited master's license and had 16 years of seagoing experience, including experience aboard large tankers as well as aboard inland tugs. He testified that he had served aboard large vessels in narrow channels during passing situations and that he had observed first hand the general movements of large vessels engaged in turns. Given the similarity and relevance of these previous experiences to Captain Scruton's testimony in this case, the district court did not abuse its discretion in admitting the testimony. See Watkins v. Telsmity, Inc., 121 F.3d 984, 988 (5th Cir. 1997) ("District courts enjoy wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge and his or

2

her decision will not be disturbed on appeal unless manifestly erroneous.") (internal quotations and citations omitted).

New Amity primarily challenges the credibility calls of the district court which is almost exclusively in the province of the trier of fact. See <u>Luhr Bros.</u>, 157 F.3d at 337 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.").

AFFIRMED.